The People of the State of New York ex rel. The Town of Plattsburgh, Respondent, *v.* Andrew Williams, as County Treasurer of Clinton County, Appellant.

·Liquor Tax Law — Disposition of Revenue — Poor Fund. The requirement of chapter 125 of the Laws of 1898 (a local statute for the benefit of the poor of the town of Plattsburgh), that "all" excise money arising from licenses granted in such town shall be deposited with the treasurer of the poor fund, is limited to the two-thirds which the Liquor Tax Law apportions to the town, and does not embrace the one-third which; · by the terms of that law, is required to be paid to the state.

*People ex rel. Town of Plattsburgh* v. *Williams,* 47 App. Div. 88, reversed.

(Argued February 28, 1900; decided March 13, 1900.)

1900.]    People ex rel. Plattsburgh *v.* Williams.    241

N. Y. Rep.]                Points of counsel.

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered January 18, 1900, reversing an order of Special Term denying an application for a peremptory writ of mandamus and granting such writ.

The nature of the proceeding and the facts, so far as material, are stated in the opinion.

*P. W. Cullinan* for appellant. The act, chapter 125 of the Laws of 1898, purporting to authorize and direct the payment to the appellant of the entire sum of said liquor tax moneys received by the county treasurer on account of the liquor tax certificates issued in the town of Plattsburgh, is null and void. (*People ex rel.* v. *Board of Suprs.*, 67 N. Y. 109; *People* v. *Wilmerding*, 136 N. Y. 363.) Even if it be conceded that the act of 1898 is operative and of full force and effect, yet it does not operate to compel the county treasurer to pay to the poor fund of the town of Plattsburgh one-third of the liquor tax moneys required by the provisions of the Liquor Tax Law to be paid to the treasurer of the state of New York. (L. 1896, ch. 112, §§ 13, 25; *People ex rel.* v. *Murray*, 149 N. Y. 367.) The reason and intention of the lawgiver will control the strict letter of the law when the letter would lead to palpable injustice. (4 Kent's Comm. 462; *Matter of Folsom*, 56 N. Y. 60; *Smith* v. *People*, 47 N. Y. 330; *Matter of R. W. Comrs.*, 66 N. Y. 413; *People ex rel.* v. *Keller*, 158 N. Y. 187.) If there be any apparent discrepancy or repugnancy between statutes such exposition should be made so that both may stand together. (*Chamberlain* v. *Chamberlain*, 43 N. Y. 424; *Bowen* v. *Lease*, 5 Hill, 225; *McCartee* v. *Orphan Asylum Soc.*, 9 Cow. 437.)

*David H. Agnew* for respondent. The entire sum of money received by the county treasurer of Clinton county for and on account of the issuing of liquor tax certificates in the town of Plattsburgh in said county for the year 1899, should be paid over to the town of Plattsburgh, pursuant to chapter

31

125 of the Laws of 1898, which amended section 3 of chapter 471 of the Laws of 1894. (*People ex rel. v. Bd. Canvassers*, 143 N. Y. 84; Dwarris on Stat. Cons. § 702; *Matter of City of Brooklyn*, 148 N. Y. 107; *People ex rel. v. Bd. Suprs.*, 67 N. Y. 109; *Ely v. Holton*, 15 N. Y. 595.) The act of 1898 repealed all acts inconsistent therewith, including chapter 112 of the Laws of 1896 as amended in 1897. (*Matter of Prime*, 136 N. Y. 347; *People ex rel. v. Comrs.*, 95 N. Y. 554; *Smith v. People*, 47 N. Y. 330; *People v. Green Co.*, 13 Abb. [N. C.] 424; *Gardner v. Collins*, 2 Pet. [U. S.] 93; *Rosenplaenter v. Roessle*, 54 N. Y. 262; 23 Am. & Eng. Ency. of Law, 299.) The act of 1898 and the act of 1896, as amended, are inconsistent and repugnant to each other and cannot be construed *in pari materia* even as to one-third of the money for the reason the language used is unambiguous. (*Bowen v. Lease*, 5 Hill, 221; *Village of Gloversville v. Howell*, 70 N. Y. 287; 1 Kent's Comm. 46; *Fairchild v. Gwynne*, 16 Abb. Pr. 23; *Woods v. Bd. of Suprs.*, 136 N. Y. 411.) Every intendment is in favor of the constitutionality of a statute, that its enactment was a valid exercise of legislative power, and this though the natural interpretation of the language used in it would be to the contrary. (*Village of Gloversville v. Howell*, 70 N. Y. 287; *Roosevelt v. Godard*, 52 Barb. 533; *McDougall v. State*, 109 N. Y. 73; *People ex rel. v. Bd. Suprs.*, 17 N. Y. 241; *People ex rel. v. Terry*, 108 N. Y. 7; *Bush v. Bd. Suprs.*, 159 N. Y. 212.)

Haight, J. The order of the Appellate Division directed the issuance of a peremptory writ of mandamus compelling the county treasurer of Clinton county to turn over to the town of Plattsburgh all of the liquor tax moneys received by him for the granting of liquor tax certificates in the town of Plattsburgh.

In 1896 the legislature saw fit to make a radical change in the excise laws of the state. This was accomplished by the enactment of chapter 112 of the laws of that year, known as the Liquor Tax Law, by which it is provided that " One-third

of the revenues resulting from taxes, fines and penalties under the provisions of this act, less the amount allowed for collecting the same, shall be paid by the county treasurer, and by the several special deputy commissioners within ten days from the receipt thereof, to the treasurer of the state of New York, to the credit of the general fund, as a part of the general tax revenue of the state, and shall be appropriated to the payment of the current general expenses of the state, and the remaining two-thirds thereof, less the amount allowed for collecting the same, shall belong to the town or city in which the traffic was carried on from which the revenues were received," etc. (Section 13.) By section 44 of the act the provisions of any special or local law, grant or charter in conflict with the act were repealed and annulled. (*People ex rel. Einsfeld* v. *Murray*, 149 N. Y. 376.)

Prior to the adoption of the Liquor Tax Law there existed local statutes providing that the excise money collected in the town of Plattsburgh should be turned over to the treasurer of the poor fund of the town to be used for the relief of the poor, as provided in the act. After the adoption of the Liquor Tax Law the legislature enacted chapter 125 of the Laws of 1898, which is entitled "An act to amend section three of chapter 471 of the Laws of 1894, entitled 'An act to amend chapter 435 of the Laws of 1879, entitled an act in relation to the raising of funds for the relief of the poor of the town of Plattsburgh, in the county of Clinton.'" So much of section three, as amended, as is material to the question under consideration, provides as follows : "All excise money arising from licenses granted in the town of Plattsburgh shall be deposited with the treasurer of the poor fund of said town by the county treasurer of said county within ten days after the receipt by him of the same."

It is contended that the provisions of this act require the county treasurer to pay over to the treasurer of the poor fund of the town of Plattsburgh all of the moneys arising from licenses granted in the town belonging to it, as well as the moneys belonging to the state. If this contention is sustained

then the provisions of the act must be deemed to have amended the Liquor Tax Law, and to have appropriated from the treasury of the state the moneys belonging to it collected under the provisions of that act for the benefit of the general fund of the state. By referring to the title of the act it will be observed that it is a local statute for the benefit of the poor-of the town of Plattsburgh. None of its provisions refer to or mention the Liquor Tax Law, or in terms purport to amend it, or to appropriate any of the money belonging to the state. In interpreting the meaning of statutes the rule is to give effect to the legislative intent. Such intent, we think, is clearly manifest in the enactment in question. In the absence of any provision appropriating the money belonging to the state, the provisions of the act being local, must be deemed to apply and have reference to "all of the excise money arising from licenses granted in the town of Plattsburgh," belonging to the town, and not to that which belongs to the state.

This construction of the local act leaves it in harmony with the provisions of the general act and sustains the general policy of the state, as disclosed through the Liquor Tax Law.

The order of the Appellate Division should be reversed and that of the Special Term affirmed, with costs.

PARKER, Ch. J., O'BRIEN, BARTLETT, MARTIN and VANN, JJ., concur; LANDON, J., not sitting.

Order reversed, etc.